UNITED STATES, Appellee

v.

DONALD A. APPLE, Private E–2, U. S. Army, Appellant

2 USCMA 592, 10 CMR 90

No. 1541

Decided June 1, 1953

LT COL James C. Hamilton, U. S. Army, and 1ST LT Thomas E. Cole, U. S. Army, for Appellant.

LT COL Thayer Chapman, U. S. Army, and 1ST LT Bernard A. Feuerstein, U. S. Army, for Appellee.

## Opinion of the Court

PAUL W. BROSMAN, Judge:

The accused, Apple, was convicted in Korea by an Army general court-martial of desertion with intent to avoid hazardous duty.[1] Following approval by the convening authority and affirmance by a board of review, this Court granted his petition for further review, limited, however, to the question of sufficiency of instructions.

II

The evidence adduced at the trial served to paint this factual backdrop. Accused absented himself without authority from his unit, which was then on the main line of resistance in Korea, and was absent therefrom for several days. It is clear beyond cavil that his organization was in fact engaged in "hazardous duty" during that period. However, as a witness in his own behalf, the accused related that in leaving his place of duty and going to the rear, he had no intention whatever of doing so for the purpose of avoiding hazardous duty—but rather that he proposed only to see what had occasioned the evident confusion in his records with respect to rotation points. This explanation is strongly supported by the fact that he had then been in Korea for some twenty months, of which approximately thirteen had been spent on the front lines.

Desertion with intent to avoid hazardous duty—by its very terms—connotes an absence without ▆▆▆▆▆ leave the prompting for which is a specific intent entertained by the offender to avoid the hazardous duty present or in prospect. As a matter of law, the offense is not committed by reason of a naked unauthorized absence, without more, from a unit engaged in hazardous duty. However, the fact of the absence and the presence of hazardous duty may in themselves be considered *sufficient evidence*—under some circumstances—that the latter was the moving force behind the former. United States v. Squirrell (No. 657), 7 CMR 22, decided January 26, 1953. Let us seek to put the matter in a somewhat different way. In terms of legal distinction it is manifest that desertion *with intent to avoid* hazardous duty is not identical with absence without leave *from a unit engaged in* hazardous duty. Instead, the entertainment of a particular purpose lies at the very heart of the desertion offense. Where the assignment of an entirely different purpose is made by the accused, it is clear beyond doubt that an instruction that evidence of this other objective should be disregarded as irrelevant would constitute error. It would seem ▆▆▆▆▆ ▆ to follow, therefore, that where the existence of another aim is fairly placed in issue, it is incumbent on the law officer to instruct as to a lesser included offense, if any, of which the legally demanded purpose—that is, one to avoid hazardous duty—is not an element, and that it is error to fail to do so. Nothing said in United States v. Shull (No. 45), 2 CMR 83, decided February 18, 1952, is to the contrary. The question in that case went solely to the *sufficiency of the evidence* to sustain the conviction of desertion with intent to shirk important service, and obviously this is quite a different thing from the question presented here—namely, whether the court was *adequately instructed* by the law officer as a foundation for its factual determination.

If the accused's story on the stand

[1] A violation of Uniform Code of Military Justice, Article 85, 50 USC § 679.

was true, he did not desert his unit *with intent to avoid haz-* ██ *ardous duty.* Although he may in fact have avoided it, his object instead was to secure clarification of his confused rotation point situation. Whether he spoke truthfully during the course of his testimony was, of course, a matter for determination by the triers of fact. United States v. Slozes (No. 12), 1 CMR 47, decided November 20, 1951; United States v. Creamer (No. 179), 3 CMR 1, decided April 3, 1952; United States v. Strong (No. 244), 5 CMR 55, decided August 27, 1952; United States v. Frank Abbott Stewart (No. 508), 5 CMR 76, decided August 29, 1952. Even though the evidence militating against the presence of a purpose to avoid hazardous duty came only from the lips of the accused himself, it was nonetheless fully competent to place the question of his intent squarely in issue. United States v. Ollie C. Williams (No. 251), 2 CMR 137, decided March 14, 1952; United States v. Charles F. Simmons (No. 505), 5 CMR 119, decided September 26, 1952. Certainly we cannot say that accused's story was inherently improbable, despite the length of the unauthorized absence. With this issue of intent raised, there was thus brought to the fore, as a reasonable alternative to the offense charged, the lesser included offense of absence without leave. The law officer, accordingly, was required to instruct the members of the court as to the elements of this lesser offense. United States v. Lowery (No. 683), 8 CMR 115, decided March 13, 1953.

Examining the instructions of the law officer as given, we observe that, although he adverted to absence without leave at one point—in the form of a comment on the evidence—at no juncture did he state that this offense was, on the facts of the case, lesser included within that charged, much less did he instruct the court on the elements thereof. Neither the fact that no request for such instructions was made by defense counsel, nor the possibility that the members of the court, qua officers of the service, may have known that it was open to them to return a finding of guilty of absence without leave, can serve to excuse the failure of the law officer. His failure constituted prejudicial error. United States v. Lowery, supra.

A concluding caveat should be entered. Our holding here in no sense involves a failure to recognize fully the distinction between "intent" and "motive"—traditional in the common law of crimes. This is not the problem at all. Our single task here has been to determine the intent of Congress in setting the elements of the offense of desertion with intent to avoid hazardous duty.

### III

Accordingly, the decision of the board of review is reversed. The record is returned to The Judge Advocate General, United States Army, for rehearing, for reference to the board of review for consideration of affirmance of the lesser included offense, or for other action not inconsistent with this opinion.

Chief Judge QUINN concurs.

LATIMER, Judge (concurring):

I concur.

Out of this case should come a lesson for trial counsel. The accused went absent without leave on February 5, 1952, while his squad was occupying a position on the outpost line of resistance. His duties included participating in the defense of the position and patrolling the area. His squad was being subjected to intermittent enemy fire. His assigned reason for going absent and staying away for thirteen days was that he wanted to check up on a discrepancy in the number of his rotation points. Except under the most unusual circumstances his story would be inherently improbable and unworthy of belief. However, in spite of that possibility and the fact that this accused took the witness stand and testified, not one question was asked on cross-examination about any of the following subjects: his activities during the period; location of the personnel section; the time necessarily involved in getting to and from that section; traffic and road conditions; availability of trans-

portation between his unit and higher headquarters; whether he was apprehended or voluntarily surrendered; and, many other matters which would have been extremely helpful in bringing his intent into bold relief. Without some information on those matters, it is impossible for us to reject the story as improbable. If a reasonable man would accept it as probable, then an issue on absence without leave was raised and an instruction was required.

Furthermore, it will be noted that the Court's opinion states accused's explanation is strongly supported by his service in Korea. That statement is justified by the record in so far as is usable by us for the purpose of testing the probability of the story told. However, after finding and before sentence, an extract copy of accused's service record was introduced into evidence and this shows that on November 2, 1951, he was convicted of going absent without leave from July 11, 1951, until August 1, 1951, with intent to avoid hazardous duty. In addition to forfeitures, he was sentenced to six months' confinement which was suspended for twelve months. Within thirty days from the date that sentence was approved, this offense was committed and yet the accused's story of his service stands unimpeached. I mention these matters because intent is subjective and can only be proven or disproven either by declarations of the accused or by showing acts consistent or inconsistent with his declared mental condition. An announced intent cannot be summarily rejected by a law officer or an appellate court because it does not ring true. However, it can be if, when considered in the light of the attending facts and circumstances, all reasonable men would be required to conclude it was absurd and ridiculous. The intent claimed here approaches the unbelievable but falls short of that principally because the facts and circumstances were underdeveloped.